UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALICE G. FRIEDMAN,

                            Plaintiff,

      v.                                       3:06-cv-0399

STATE UNIVERSITY OF NEW YORK at BINGHAMTON
and ALAN G. HEVESI, New York State Comptroller, in his
Official Capacity Only,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      Plaintiff commenced the instant action pursuant to 42 U.S.C. § 2000e, et seq. ("Title VII") claiming that she was discriminated against in connection with her employment at the State University of New York at Binghamton. Presently before the Court is Defendants' motion to dismiss on the grounds that: (1) Title VII, 42 U.S.C. § 2000e et seq, does not protect against age discrimination; and (2) Plaintiff failed to exhaust her administrative remedies. Plaintiff failed to respond to the motion or to comply with N.D.N.Y.L.R. 7.1(B)(3).

**I.**     **DISCUSSION**

    **a.**     **Subject Matter Jurisdiction**

      To the extent Plaintiff contends she was discriminated against on account of her age, such claims are not properly brought under Title VII, see 42 U.S.C. § 2000e-2, but under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. The ADEA did not abrogate the states' eleventh amendment immunity. Kimel v. Fla. Bd. of

Regents, 528 U.S. 62, 92 (2000); see McGinty v. New York, 251 F.3d 84, 88 (2d Cir. 2001). The State University of New York and the New York State Comptroller in his official capacity[1] are state agencies entitled to Eleventh Amendment immunity. Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001); Roniger v. McCall, 22 F. Supp.2d 156, 161 (S.D.N.Y. 1998). Accordingly, the Court lacks subject matter jurisdiction over any such claims.

### b.  Race and Gender Discrimination

A liberal reading of the Complaint suggests that Plaintiff may also be complaining of race and gender discrimination, which claims are both cognizable under Title VII and not barred by the Eleventh Amendent. Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S. Ct. 2666 (1976). No claim may be brought under Title VII, however, until the Plaintiff has first exhausted her administrative remedies. Williams v. New York City Housing Authority, --- F.3d ----, 2006 WL 2086021, at *2 (2d Cir. 2006). "[B]efore bringing suit, [a plaintiff] must receive a "Notice of Right to Sue" letter from the [Equal Employment Opportunity Commission]." Id. There is no indication in the Complaint or elsewhere that Plaintiff exhausted her administrative remedies with the Equal Employment Opportunity Commission ("EEOC") or the New York State Division of Human Rights or that she received a right to sue letter from the EEOC.[2] Accordingly, the Complaint must be dismissed for failure to exhaust administrative remedies.

---

[1] The Complaint clearly indicates that the Comptroller is being sued in his official capacity only.

[2] The Complaint does allege that Plaintiff "received a right to sue letter from the New York State Department of Justice dated March 8, 2006." This Court is unaware of any such New York State agency. In any event, it is the EEOC and/or the NYSDHR that is responsible for investigating violations of Title VII and issuing right to sue letters. Without having completed the administrative process available through these agencies, Plaintiff failed to exhaust her administrative remedies and, therefore, cannot maintain this lawsuit. Plaintiff had the opportunity to respond to this issue, but failed to do so.

    **c.**     **Local Rules**

The final issue concerns compliance with the Court's Local Rules. Defendants filed their motion on July 24, 2006. Pursuant to N.D.N.Y.L.R. 7.1(b)(1), the motion is returnable on the Court's August 25, 2005 motion calendar. The return date was properly indicated on Defendants' motion. The local rules of this district further required opposing papers to be filed and served "not less than **SEVENTEEN DAYS** prior to the return date of the motion." N.D.N.Y.L.R. 7.1(b)(1).³ Thus, opposition papers were due on or before August 8, 2006. The date upon which opposition papers were due also was clearly indicated on the Court's docket. See Dkt. No. 6 ("First MOTION for Judgment on the Pleadings Motion Hearing set for 8/25/2006 10:00 AM in Binghamton before Senior Judge Thomas J. McAvoy. Response to Motion due by 8/8/2006 Reply to Response to Motion due by 8/14/2006."). No opposition papers were filed. Local Rule 7.1(b)(3) provides that "[a]ny party who does not intend to oppose a motion . . . shall promptly notify the Court and the other parties of such intention. Notice should be provided at the earliest practicable date, but in any event no less than **FOURTEEN CALENDAR DAYS** prior to the scheduled return date of the motion, unless for good cause shown. **Failure to comply with this Rule may result in the Court imposing sanctions.**" To date (less than fourteen days prior to the scheduled return date), no opposition papers have been filed. Similarly, Plaintiff did not notify the Court of her intention not to oppose the motion.

---

³ The State of New York's Notice of Motion indicates that opposition papers are due fourteen days prior to the return date. This is incorrect. This is not the first time the Court has noticed this mistake by the State of New York. The Court recommends that, going forward, the New York State Attorney General's Office indicate the proper time within which opposition papers must be filed. See N.D.N.Y.L.R. 7.1(b)(1); 7.1(b)(2).

These requirements of the local rules should not be unfamiliar to Plaintiff's counsel. All attorneys admitted to practice in this District are required to be familiar with the local rules. See N.D.N.Y.L.R. 83.1. The local rules are widely available through many sources, including the Court's website. Plaintiff's counsel frequently litigates in this District.

Accordingly, Plaintiff's counsel is hereby Ordered to Show Cause why he should not be sanctioned for failure to comply with Local Rule 7.1(b)(3). Plaintiff's counsel shall respond by an affidavit not to exceed five pages in length which shall be filed on or before August 31, 2006. **Failure to file a responsive affidavit as required by this Order shall result in the imposition of sanctions**.

## II.     CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and the Complaint is DISMISSED in its entirety. Plaintiff's counsel, Ronald Benjamin, is hereby Ordered to Show Cause on or before August 31, 2006 why he should not be sanctioned for failure to comply with Local Rule 7.1(b)(3).

IT IS SO ORDERED.

Dated:    August 21, 2006

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge