UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALICE G. FRIEDMAN,

                                       Plaintiff,

        v.                                        3:06-cv-0399

STATE UNIVERSITY OF NEW YORK at BINGHAMTON
and ALAN G. HEVESI, New York State Comptroller, in his
Official Capacity Only,

                                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

        Plaintiff commenced the instant action pursuant to 42 U.S.C. § 2000e, et seq. ("Title VII") claiming that she was discriminated against in connection with her employment at the State University of New York at Binghamton. By Decision and Order dated August 21, 2006, the Court granted Defendants' motion for judgment on the pleadings and dismissed the Complaint in its entirety on the grounds that: (1) the Court lacked subject matter jurisdiction over some claims; and (2) Plaintiff failed to exhaust her administrative remedies over the other claims. In that decision, the Court further noted that Plaintiff's attorney, Ronald Benjamin, failed to comply with the Local Rules of this Court. The Court, therefore, Ordered Attorney Benjamin to show cause why he should not be sanctioned for violating the Local Rules. Presently before the Court is: (1) Attorney Benjamin's response to the Court's Order to Show Cause; (2) Plaintiff's motion for reconsideration pursuant to N.D.N.Y.L.R.

7.1(g) and Fed. R. Civ. P. 60(b)(1); and (3) Plaintiff's motion for leave to file an amended complaint.

I. **Reconsideration**

As this Court has repeatedly stated:

> "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Polanco v. United States, 2000 WL 1346726, at *1 (S.D.N.Y. September 19, 2000); Califano v. United States, 1998 WL 846779, at *1 (E.D.N.Y. September 4, 1998). "The high burden imposed on the moving party has been established in order to dissuade repetitive arguments on issues that have already been considered by the court and discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court [and] to ensure finality and prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." Nowacki v. Closson, 2001 WL 175239, *1 (N.D.N.Y. Jan. 24, 2001) (Munson, J.) (internal citations and quotations omitted). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' " Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998); see also Polanco, 2000 WL 1346726 at *1 (quoting Schrader, 70 F.2d at 256) (Reargument is not a vehicle to "advance new facts, issues or arguments not previously presented to the court."). The Northern District of New York "recognizes only three possible grounds upon which a motion for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct clear error of law to prevent manifest injustice." Nowacki, 2001 WL 175239, at *1 (quoting In re C-TC 9th Avenue Partnership, 183 B.R. 1, 3 (N.D.N.Y. 1995)).

U.S. v. Li, 2006 WL 2375475, at *1 (N.D.N.Y. 2006).

Here, Plaintiff's attorney claims that, due to the failures of his office, he should be permitted an opportunity to cure the defects in his Complaint and his failure to oppose Defendants' motion to dismiss. Plaintiff does not point to an intervening change of law.

Plaintiff similarly fails to point to the availability of new evidence not previously available. Finally, Plaintiff fails to identify any clear error of law that must be corrected to prevent manifest injustice. As will be discussed more fully, the only errors in this case were those of Plaintiff's attorney in drafting the Complaint,[1] failing to keep apprised of motions filed in this case, failing to be aware of the date by which papers in opposition to the motion had to be filed, failing to file opposition papers, and failing to seek an extension of time within which to file opposition papers. Accordingly, reconsideration is not warranted and the motion must be denied.

## II.     Fed. R. Civ. P. 60(b)(1)

Federal Rule of Civil Procedure 60(b)(1) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." "[W]here a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted 'excusable neglect,'" State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 177 (2d Cir. 2004), and will not otherwise be entitled to relief under Rule 60(b)(1). The facts of this case evidence that Attorney Benjamin did not act with diligence and that his failures were due to gross carelessness, a failure to discover that a motion had been filed, mistakes in office procedure,

---

[1] For example, Plaintiff's attorney admits that the Complaint incorrectly states that it is claiming age discrimination, when, in fact, it is not, and that the Complaint "inartfully" referred to a right-to-sue letter received from a non-existent agency - the New York State Department of Justice. (Ordinarily, the Court would cite to that portion of Plaintiff's memorandum of law wherein Attorney Benjamin admits these drafting errors. However, Plaintiff's memorandum of law does not contain page numbers, another violation of the Local Rules of this Court. See N.D.N.Y.L.R. 10.1(a) (requiring that "[a]ll pleadings, motions, and other documents presented for filing shall be in the following form . . . . pages consecutively numbered."). Attorney Benjamin's filing further fails to comply with the Local Rules in that it does not contain his bar roll number. See N.D.N.Y.L.R. 10.1(b)(2). Had Plaintiff's attorney complied with this Rule, the Court would cite to page two of the memorandum of law.).

and losing track of time - all matters that have been held to be insufficient grounds upon which to afford Rule 60(b)(1) relief. See 11 Charles Alan Wright, Arthur R. Miller, Federal Practice & Procedure § 2858 (2d ed. 1995) (citing cases); see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993) ("[i]nadvertance, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'"); Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355 (2d Cir. 2003) ("We have noted that the equities will rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule' and held that where 'the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose. . . .'") (quoting Canfield v. Van Atta Buick/GMC Truck Inc., 127 F.3d 248, 250-51 (2d Cir. 1997)); Canfield, 127 F.3d at 249-51; United States v. Hooper, 43 F.3d 26, 28-29 (2d Cir. 1994).

In this case, Defendants filed a Motion for Judgment on the Pleadings on July 24, 2006. The motion was properly made returnable on the Court's August 25, 2006 motion calendar. In accordance with Local Rule 7.1(b)(1), opposition papers were due on or before August 8, 2006. Plaintiff did not file opposition papers. Upon becoming aware of the motion on August 14, 2006, Attorney Benjamin did not confirm the applicable deadlines and did not seek an extension of time within which to file opposition papers. See Fed. R. Civ. P. 6(b). Further, Plaintiff's attorney failed to notify the Court whether Plaintiff intended to oppose the motion as required by Local Rule 7.1(b)(3).

On August 21, 2006, the Court issued a Decision and Order granting Defendant's motion. In addition, the Court directed Plaintiff's counsel, Ronald Benjamin, to show cause by August 31, 2006 why he should not be sanctioned for failure to comply with the Local Rules. Attorney Benjamin responded to the Order to Show Cause and moved for

reconsideration by an affidavit and memorandum of law filed on August 25, 2006.  In his papers, Attorney Benjamin explains that Plaintiff would have submitted opposition papers to Defendants' motion, but there were "circumstances arising from either mistake or inadvertence or excusable neglect."  (Benjamin Aff., 1, August 25, 2006).  Counsel contends that members of his staff did not notice that Defendants filed a Motion for Judgment on the Pleadings at the same time as their Answer.  In addition, Counsel claims he was not made aware of the Motion until August 14, 2006.  Even though Attorney Benjamin learned of the Motion on August 14, he claims that, due to miscommunication with his staff, he mistakenly believed it had just been filed, leaving him time to draft opposition papers.  Attorney Benjamin states that it was not until his office received a copy of this Court's Decision and Order on August 21, 2006 that he realized the time to respond to the motion had expired.

Attorney Benjamin's excuses do not justify his failure to comply with the Local Rules, do not constitute excusable neglect, and do not otherwise warrant relief under Rule 60.  Counsel has been before this Court before and should be familiar with the Local Rules.  If Counsel was unsure about the Local Rules, he could have found them in a number of sources.

Further, attorneys have a duty to be aware of entries on the docket of their client's cases and are on constructive notice of such entries.  See Katz v. Eastern Air Lines, Inc., 1989 WL 28406, at *5 (S.D.N.Y. 1989); In re Futuronics Corp., 1985 WL 2751, at *2 (S.D.N.Y. 1985) ("Attorneys have a duty to monitor the docket. . . .").  It is the responsibility of Counsel to know the relevant dates in pending cases.  Compliance with this duty is greatly facilitated by the fact that the Court sends attorneys e-mail notices of documents that are electronically filed on the court's electronic filing system.  The Court's electronic filing system

indicates that Attorney Benjamin was, in fact, given notice via e-mail on July 24, 2006 of the filing of the Motion for Judgment on the Pleadings. The Court's docket accurately indicates the date the motion was filed and when opposition papers were due to be filed. Thus, Attorney Benjamin should have been well aware of the filing of the motion. Furthermore, on August 14, 2006, Magistrate Judge Peebles issued a notice stating that "[d]ue to the motion for judgment on the pleadings that has been filed in this case, the Initial Conference set for 9/1/06 at 9:30 AM has been rescheduled for 11/3/2006." Attorney Benjamin admits having received this notice which clearly refers to a pending motion for judgment on the pleadings. Notwithstanding this notice, it does not appear that Attorney Benjamin made any effort to confirm when the motion was filed or when opposition papers were due. Had he taken the time to review these matters, he would have learned that the time for filing opposition papers had passed and that he should make a motion for an enlargement of time pursuant to Fed. R. Civ. P. 6(b)(2).

   Attorney Benjamin next attempts to place the blame on his staff, claiming that one of his staff members (a paralegal) did not timely notice the filing of the motion. Regardless of whether the paralegal was responsible within Attorney Benjamin's office for being aware of filings in this case, Attorney Benjamin retains full responsibility. "[P]aralegals work under the supervision of attorneys, who are fully responsible for such representation." Sussman v. Grado, 192 Misc.2d 628, 629, 746 N.Y.S.2d 548 (Dist. Ct. Nassau County 2002); see 22 N.Y.C.R.R. § 1200.5. Attorney Benjamin is the attorney of record and he is solely responsible to this Court and to his client for representing the client. Attorney Benjamin also claims that there was miscommunication within his office as to when the motion was received and, thus, whether he had time to respond. Of course, any misunderstanding regarding the

timing of due dates could have been corrected by simply looking at the docket sheet and/or consulting with the Local Rules. However, Attorney Benjamin failed to do either.

In any event, law office failure in the face of clearly established Court rules and deadlines, as is the case here, rarely constitutes excusable neglect. Canfield, 127 F.3d at 50-51; see also Silivanch, 333 F.3d at 366-67. Attorney Benjamin's failure to file opposition papers and otherwise comply with the Local Rules as a result of disorganization and miscommunication in his office cannot be justified or excused. The responsibility to comply with the dates on the Court calendar ultimately lies with the attorney. While the Court does not question the validity of Counsel's statement that he did not know Defendant's Motion for Judgment on the Pleadings had been filed, Counsel had reason to know, and, in fact, would have known, about the Motion if he had diligently performed his duties and checked the docket. Failure to do so does not constitute excusable neglect and does not warrant relief under Rule 60.[2]

### III.    Motion to Amend

Plaintiff also seeks leave to file an amended complaint. Because the original complaint has been dismissed, the case closed, and the motion for reconsideration denied, there is no basis upon which to grant a motion to amend. Accordingly, the motion is denied as moot.

---

[2] For the foregoing reasons, the Court further finds that sanctions are warranted. However, in light of the fact that Attorney Benjamin's failures have resulted in the dismissal of the action, the Court declines to impose sanctions at this time.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED, Plaintiff's motion for relief under Rule 60(b)(1) is DENIED, Plaintiff's motion for leave to file an amended complaint is DENIED, and the Court further finds that Attorney Benjamin failed to comply with the local rules of this Court.

IT IS SO ORDERED.

Dated:October 5,2005

_____
Thomas J. McAvoy
Senior, U.S. District Judge